Filed 7/3/14  P. v. Puccetti CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEONARD ALLEN PUCCETTI,<br><br>Defendant and Appellant. | C073821<br><br>(Super. Ct. No. NCR84100) |

Appointed counsel for defendant Leonard Allen Puccetti has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days has elapsed and we have received no communication from defendant.  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On February 1, 2012, defendant was stopped by Police Officer Randall Bassett while walking on a bike path.  Officer Bassett told defendant to keep his hands where Bassett could see them; defendant did, and Bassett saw defendant's hand was bleeding from a fall.  Defendant appeared to be under the influence of a controlled substance.

Defendant admitted to using methamphetamine a couple of days prior.  Defendant also admitted he had a syringe in his shirt pocket and a knife in his waistband.  A second officer arrived; defendant was placed in handcuffs and arrested.

On May 10, 2012, law enforcement searched defendant's home pursuant to a warrant.  They found six people in defendant's home, including Donna Piazza.  Piazza said she had been living there for approximately two weeks.  In her room, law enforcement found:  two bags of methamphetamine totaling 3.1 grams, two methamphetamine pipes, and a digital scale.  Piazza admitted selling methamphetamine from defendant's home.

Defendant also was home.  Law enforcement searched him and found a methamphetamine pipe in his shirt pocket.  He admitted to selling methamphetamine from his home more than 20 times in the past month.  Defendant also confirmed that Piazza was also selling methamphetamine from the residence.

By way of an amended information, the People charged defendant with maintaining a place for selling or using a controlled substance (Health & Saf. Code, § 11366), and possession of paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)).  The People further alleged defendant was previously convicted of a serious or violent felony  (Pen. Code, § 1170.12, subds. (a)-(d)),[1] served three prior terms in prison

---

[1]  Undesignated statutory references are to the Penal Code.

2

(§ 667.5, subd. (b)), and committed the offenses with which he was charged while he was out on bail (§ 12022.1).

Defendant pleaded guilty to maintaining a place for selling or using a controlled substance. (Health & Saf. Code, § 11366.) Defendant also admitted he was previously convicted of a serious or violent felony. (§ 1170.12, subds. (a)-(d).) The remaining charges and allegations were dismissed, including the charges alleged in Tehama County case No. NCR83479.

Prior to sentencing, defendant moved the court to withdraw his plea. The trial court denied the motion and sentenced defendant to an aggregate term of six years in state prison. The court also awarded defendant 389 days of custody credits and ordered him to pay various mandatory fines and fees.

Defendant appeals without a certificate of probable cause.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

    HULL    , Acting P. J.

We concur:

    MURRAY    , J.

    HOCH    , J.

3